UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COUNTY OF BARNSTABLE, MASSACHUSETTS,<br><br>*Plaintiffs*,<br><br>v.<br><br>THE 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFACTURING CO.), BUCKEYE FIRE PROTECTION COMPANY, TYCO FIRE PRODUCTS LP, CHEMGUARD, INC., UNITED TECHNOLOGIES CORPORATION AND NATIONAL FOAM; JOHN DOES DEFENDANTS 1-49,<br><br>*Defendants*. | Civ. No. 1:17-cv-40002-DJC |

**DEFENDANTS TYCO FIRE PRODUCTS LP AND CHEMGUARD, INC.'S**
**REQUEST FOR CONSIDERATION AND JUDICIAL NOTICE**

Defendants Tyco Fire Products LP and Chemguard, Inc. (collectively, "Defendants") respectfully request that the Court consider and/or take judicial notice of the following records for purposes of Defendants' concurrently-filed Motion to Dismiss or Stay.

**THE RECORDS**

1. **Exhibit A** is a true and complete copy of Plaintiff County of Barnstable's (the "County's") Answer, Counter-Claim, and Third-Party Complaint in the related action *Town of Barnstable v. Barnstable County*, No. 1672CV337 (Mass. Super. Ct.) (the "State Court Action").

2. **Exhibit B** is a true and complete copy of the Town of Barnstable's (the "Town's") Complaint in the State Court Action.

3. **Exhibit C** is a true and complete copy of a 1986 Notice of Responsibility issued by the Massachusetts Department of Environmental Protection ("D.E.P.") and published on the

D.E.P.'s website.[1]

4. **Exhibit D** is a true and complete copy of a 2006 Notice of Responsibility issued by the D.E.P. and published on the D.E.P.'s website.[2]

5. **Exhibit E** is a true and complete copy of a 2016 Notice of Responsibility issued by the D.E.P. and published on the D.E.P.'s website.[3]

6. **Exhibit F** is a true and complete copy of the following study report: Laurel Schaider, Ph.D., *et al.*, Emerging Contaminants in Cape Cod Drinking Water (Silent Spring Inst. May 2010).

## GROUNDS FOR REQUEST

7. In ruling on a motion to dismiss, "the Court 'may take judicial notice of public records or indisputably authentic documents.'" *United States ex rel. Winkelman v. CVS Caremark Corp.*, 118 F. Supp. 3d 412, 418 (D. Mass. 2015) (citation omitted) (Casper, J.), *aff'd*, 827 F.3d 201 (1st Cir. 2016). Official public records "published on a government website" are judicially noticeable and self-authenticating. *Kader v. Sarepta Therapeutics, Inc.*, No. 1:14-CV-14318-ADB, 2016 WL 1337256, at *11 (D. Mass. Apr. 5, 2016); *see also Brown v. Bank of Am.*, No. CV 13-13256-PBS, 2015 WL 5163045, at *2 n.3 (D. Mass. Sept. 3, 2015). Likewise, "the Court may take judicial notice of proceedings and papers filed in other cases or courts if they are relevant to the issues in a matter before the Court." *Howell v. O'Malley*, No. CIV.A. 09-11407-DJC, 2011 WL 3563159, at *6 (D. Mass. Aug. 12, 2011) (Casper, J.) (citing *Kowalski v. Gagne*, 914 F.2d 299, 305 (1st Cir. 1990)); *see also Boateng v. Inter-American Univ., Inc.*, 210 F.3d 56, 60 (1st Cir. 2000).

8. In addition, "the Court can [also] consider documents attached to or fairly

---

[1] http://public.dep.state.ma.us/fileviewer/DefaultScanned.aspx?documentid=36978 (at pp. 85-89).

[2] http://public.dep.state.ma.us/fileviewer/DefaultScanned.aspx?documentid=138325 (at pp. 5-9).

[3] http://public.dep.state.ma.us/fileviewer/Default.aspx?formdataid=0&documentid=361967.

incorporated into the complaint." *Belanger v. Wells Fargo Bank, N.A.*, No. 1:16-CV-10777-DJC, 2016 WL 3747485, at *1 (D. Mass. June 28, 2016) (citations omitted) (Casper, J.).

9. The Court need not take judicial notice of any disputed facts stated in these materials, but should consider the statements therein to the extent they are not subject to reasonable dispute or are otherwise relevant to or dispositive of the accrual of the County's claims under the applicable statute of limitations, as discussed more fully in Defendants' accompanying Motion to Dismiss or Stay.

**Pleadings in Related Court Proceedings**

10. The Court should consider and take judicial notice of Exhibits A and B because they are pleadings filed in a related state court action against the County regarding the same alleged environmental releases at issue in this case. The Complaint directly references "The Town's Complaint Against the County" as the purported basis for contribution and indemnification claims herein. *See* ECF No. 1 at ¶¶ 50-52 & Counts VI-VII. Moreover, Exhibit A (the County's state court responsive pleading) contains judicial admissions by the County that pertain directly to this case and to Defendants' motion.[4] Likewise, Exhibit B (the Town's state court complaint) provides necessary context for those judicial admissions. Accordingly, these pleadings are judicially noticeable. *See Kowalski*, 914 F.2d at 305; *Boateng*, 210 F.3d at 60; *Howell*, 2011 WL 3563159, at *6. These pleadings are also appropriate for consideration because they are "fairly incorporated into the complaint" herein. *Belanger*, 2016 WL 3747485, at *1.

**Public Records Referenced in and/or Central to the Complaint**

11. The Court should consider and take judicial notice of Exhibits C, D, and E because they are official public records "published on a government website." *Kader*, 2016 WL 1337256, at *11; *see also Brown v. Bank of Am.*, 2015 WL 5163045, at *2 n.3.

[4] *See* Exhibit A at, *e.g.*, Answer ¶ 22 & Counter-Cl. ¶¶ 46-47, discussed more fully in Defendants' accompanying Motion to Dismiss or Stay.

12. Moreover, Exhibits C and D (1986 and 2006 Notices of Responsibility) concern prior environmental releases at the same property at issue in this case. These exhibits are "fairly incorporated into" the State Court Action, *Belanger*, 2016 WL 3747485, at *1, via the County's judicial admissions therein.[5]

13. Exhibit E (2016 Notice of Responsibility) concerns the same alleged environmental releases and response actions for which the County purports to seek indemnification and contribution in this case. *See* ECF No. 1 at Counts IV-V. Indeed, the Complaint directly references this "Notice of Responsibility" in connection with the County's claims. *See id.* at ¶ 56. Accordingly, Exhibit E is "fairly incorporated into the complaint" herein. *Belanger*, 2016 WL 3747485, at *1.

**Additional Material Referenced in and Central to the Complaint**

14. The Court should consider and take judicial notice of Exhibit F (Silent Spring Institute study report) because it is "fairly incorporated into the complaint[s]" in both this case and the State Court Action. *Belanger*, 2016 WL 3747485, at *1. The County's Complaint directly references this study report. *See* ECF No. 1 at ¶ 53. Moreover, in the State Court Action, the County judicially admitted its actual knowledge, in 2009, of certain data subsequently published in this study report.[6]

---

[5] *See* Exhibit A at Answer ¶ 22; Exhibit B at ¶ 22.

[6] *See* Exhibit A at Counter-Cl. ¶¶ 46-47.

Respectfully submitted,

/s/ *Christopher A. Kenney*
Christopher A. Kenney
Lindsay M. Burke
KENNEY & SAMS, P.C.
Old City Hall
45 School Street
Boston, MA 02108
P: 617.722.6045
F: 617.722.6046
Email: cakenney@KandSlegal.com
Email: LMBurke@KandSlegal.com

*Attorneys for Defendants Tyco Fire Products LP and Chemguard, Inc.*

**LR 7.1(a)(2) CERTIFICATE**

Pursuant to Local rule 7.1(a)(2), counsel for Defendants Tyco Fire Products LP and Chemguard, Inc. hereby certifies that counsel for the parties conferred on March 20, 2017, and attempted in good faith to resolve or narrow the issues that are the subject of this motion.

/s/ Lindsay M. Burke
Lindsay M. Burke

**CERTIFICATE OF SERVICE**

I hereby certify that on March 20, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF filing system, which will send notification of such filing to all counsel of record.

/s/ Lindsay M. Burke
Lindsay M. Burke