UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COUNTY OF BARNSTABLE, MASSACHUSETTS,<br><br>        *Plaintiff,*<br>v.<br><br>THE 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFACTURING CO.), BUCKEYE FIRE PROTECTION COMPANY, JOHNSON CONTROLS, INC., UNITED TECHNOLOGIES CORPORATION, NATIONAL FOAM, INC., AND JOHN DOE DEFENDANTS 1-49,<br><br>        *Defendants.* | Civil Action No. 1:17-cv-40002-DJC |

## DEFENDANT UNITED TECHNOLOGIES CORPORATION'S REQUEST FOR JUDICIAL NOTICE

Pursuant to Rule 201(b) of the Federal Rules of Evidence, Defendant United Technologies Corporation ("UTC") requests that the Court take judicial notice of the following documents attached as Exhibits 1 through 5, respectively, in further support of UTC's Motion to Dismiss, which is being filed contemporaneously:

- **Exhibit 1:** *Answer, Counterclaims and Third-Party Complaint* filed by Plaintiff County of Barnstable in a related state court action, dated February 21, 2017;

- **Exhibit 2:** Screen shot of a *PowerPoint slide* from a video recording of a presentation made at a public meeting held by the Board of the Commissioners of the County of Barnstable, on May 27, 2015;

- **Exhibit 3:** Barnstable County Fire Rescue Training Academy *Needs Assessment Report*, dated January 4, 2016;

- **Exhibit 4:** *Immediate Response Action* filed by the County of Barnstable with the Massachusetts Department of Environmental Protection, dated September 27, 2016;

- **Exhibit 5:** *Silent Spring Report* titled "Emerging Contaminant in Cape Cod Drinking Water," authored by the Silent Spring Institute, dated May 2010.

## ARGUMENT

Pursuant to Rule 201 of the Federal Rules of Evidence, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). On a motion to dismiss, the court may consider "matters of public record, and other matters susceptible to judicial notice." *Lydon v. Local 103, Int'l Bhd. of Elec. Workers*, 770 F.3d 48, 53 (1st Cir. 2014) (quoting *Giragosian v. Ryan*, 547 F.3d 59, 65 (1st Cir. 2008)); *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993); *see also Aronson v. Advanced Cell Tech., Inc.*, 902 F. Supp. 2d 106, 112 (D. Mass. 2012). While the court's consideration of a motion to dismiss is traditionally limited to the four corners of the complaint, "courts have made narrow exceptions for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." *Watterson*, 987 F.2d at 3-4. Likewise "[i]t is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand." *Kowalski v. Gagne*, 914 F.2d 299, 305 (1st Cir. 1990).

**I.   THE COURT MAY TAKE JUDICIAL NOTICE OF THE COUNTY'S FILINGS IN THE RELATED STATE COURT ACTION (EX. 1).**

Exhibit 1 is Plaintiff the County of Barnstable (the "County")'s recently-filed Answer, Counterclaims and Third-Party Complaint in a related state court proceeding pending in the Massachusetts Superior Court for Barnstable County (Docket No. 1672CV3367). The County's filings in this case constitute a matter of public record, and their existence can be accurately and readily ascertained from the records of the Superior Court, the accuracy of which cannot

reasonably be questioned. The fact of the County's filing of this Answer, Counterclaim and Third-Party Complaint (and the assertions contained therein) is not subject to reasonable dispute and should be judicially noticed. *See*, *e.g.*, *E.I. Du Pont de Nemours & Co., Inc. v. Cullen*, 791 F.2d 5, 7 (1st Cir. 1986) (taking judicial notice of complaint in state court action); *Ezra Charitable Tr. v. Tyco Int'l, Ltd.*, 466 F.3d 1, 9 n.7 (1st Cir. 2006) (granting plaintiff's motion to take judicial notice of complaint filed by SEC against defendant in prior litigation); *Savini v. Ashland, Inc.*, No. 11-CV-12277, 2013 WL 5218194, at *4 (D. Mass. Sept. 16, 2013) (taking judicial notice of filing and procedural posture of related cases in other court proceeding for purposes of resolving motion for judgment on the pleadings).[1]

## II.   THE COURT MAY TAKE JUDICIAL NOTICE OF THE COUNTY'S PUBLIC RECORDS (EXS. 2 AND 3).

Exhibit 2 is a screen shot of a PowerPoint slide excerpted from a video recording of a public meeting held by the County's Board of Commissioners on May 25, 2015. The video is available on the County's official YouTube page.[2] Exhibit 3 is a report prepared by the Barnstable County Fire Rescue Academy (the "Training Academy") Needs Committee.[3]

---

[1] *See also Cardoso v. City of Brockton*, No. 12-10892, 2014 WL 6698618, at *3 (D. Mass. Aug. 11, 2014) (stating that "[i]t is also well settled that a court may take judicial notice of complaints filed in related cases."); *Lu v. Menino*, 98 F. Supp. 3d 85, 103 (D. Mass. 2015) (taking judicial notice of verified complaint filed by defendant in separate litigation for purposes of analyzing whether defendant engaged in fraud by adopting conflicting positions in other cases).

[2] The recording may be accessed at the following link: https://www.youtube.com/watch?v=iwfhCb3kLmQ&index=16&list=PLnyke5qp-yayMdKs7cW-jOgLfL4txgKrR. The screen shot depicts the PowerPoint presentation of Thomas Cambareri, the County's Licensed Site Professional. The screen shot of the pertinent slide in Mr. Cambareri's presentation begins at 25:29 in the recording.

[3] The Needs Committee report may be accessed at the following link:
https://assets.documentcloud.org/documents/2685393/Barnstable-County-Fire-Academy-Report.pdf.

The Court may take judicial notice of Exhibits 2 and 3 because they are public records created and published by public bodies. These documents are public records, and their existence can accurately and readily be determined by resort to the records kept by the County and the Training Academy, the authenticity of which is not subject to reasonable dispute. Public records, including official government documents and published reports of administrative bodies, are capable of being judicially noticed under Fed. R. Evid. 201(b). *See, e.g.*, *Oxfam Am., Inc. v. United States Sec. & Exch. Comm'n*, 126 F. Supp. 3d 168, 172 (D. Mass. 2015) (Casper, J.) (taking judicial notice of agenda published by SEC for purposes of noting that SEC postponed rulemaking); *Silverstrand Invs. v. AMAG Pharms., Inc.*, No. 10-10470, 2011 WL 3566990, at *4 (D. Mass. Aug. 11, 2011) ("Here, the Court takes judicial notice of the existence of the FDA Meeting Minutes and accompanying FOIA Letter but not the truth of the contents therein."), *aff'd in part, vacated in part*, 707 F.3d 95 (1st Cir. 2013).

Further, Exhibits 2 and 3 are also publicly available on the Internet. A court can take judicial notice of the existence of a website and of information provided by the website. *See, e.g.*, *Gent v. CUNA Mut. Ins. Soc'y*, 611 F.3d 79, 84 n.5 (1st Cir. 2010) (taking judicial notice of relevant facts provided on CDC website, which were "not subject to reasonable dispute" (quoting Fed. R. Evid 201(b)); *Alston v. Town of Brookline*, No. CV-15-13987, 2016 WL 5745091, at *16 n.17 (D. Mass. Sept. 30, 2016) (taking judicial notice of information posted on town's website describing structure and functioning of town's legislative body); *Kader v. Sarepta Therapeutics, Inc.*, No. 14-CV-14318, 2016 WL 1337256, at *11 (D. Mass. Apr. 5, 2016).

**III.   THE COURT MAY TAKE JUDICIAL NOTICE OF THE COUNTY'S FILING WITH THE MASSACHUSETTS DEPARTMENT OF ENVIRONMENTAL PROTECTION (EX. 4).**

Exhibit 4 is an *Immediate Response Action* ("IRA") that the County filed with the Massachusetts Department of Environmental Protection ("DEP") in response to DEP's issuance of

a Notice of Responsibility ("NOR") with respect to contamination arising from the substances at issue in this matter.  The County's IRA is a public filing with a regulatory agency, and the existence of this filing can be accurately and readily ascertained by resort to the physical and electronic records kept by DEP, whose accuracy cannot reasonably be questioned.  DEP has published the IRA on its website, where the document can be readily viewed.[4]  "The public filing of [a] document with a regulatory agency also makes it a proper subject of judicial notice, at least with regard to the fact that it contains certain information . . . ."  *OrbusNeich Med. Co., BVI v. Boston Sci. Corp.*, 694 F. Supp. 2d 106, 111 (D. Mass. 2010) (taking judicial notice of Defendant's annual report filed with SEC for purposes of a motion to dismiss); *Martin v. Mead Johnson Nutrition Co.*, No. 09-11609, 2010 WL 3928710, at *2 (D. Mass. Sept. 13, 2010) (taking judicial notice of defendant's filings with SEC and Massachusetts Secretary of the Commonwealth).[5]

IV. **THE COURT MAY TAKE JUDICIAL NOTICE OF THE SILENT SPRING REPORT REFERENCED IN THE COUNTY'S COMPLAINT (EX. 5).**

Exhibit 5 is a 2010 report issued by the Silent Spring Institute[6] entitled "Emerging Contaminants in Cape Cod Drinking Water" (the "Silent Spring Report").[7]  In its Complaint, the County specifically refers to The Silent Spring Report and its contents:

---

[4] The IRA may be accessed at DEP's website at the link below: http://public.dep.state.ma.us/fileviewer/Default.aspx?formdataid=0&documentid=367910.

[5] For the additional reasons discussed in Section IV, *infra*, the IRA may also be judicially noticed by the Court because it is sufficiently referenced in the County's Complaint in Paragraphs 56-57.

[6] The Silent Spring Institute is a nonprofit organization dedicated to studying and reporting primarily on breast cancer prevention, although its research covers other health-related topics as well.

[7] The Silent Spring Report is available on the Silent Spring Institute's website at the following link:  http://silentspring.org/sites/default/files/DrinkingWaterStudyReport.pdf.

> 53. In 2010 the Silent Spring Institute published a study of the occurrence of Compounds of Emerging Concern (CECs) in Cape Cod public water supply wells. Twenty supply wells were sampled for the study in 2009. PFOS was found present in samples from the Hyannis public supply wells and distribution system at levels below the then EPA Health Advisory of 0.2 µg/l.

(Compl. ¶ 53.)

The Silent Spring Report is appropriate for this Court's judicial notice because the County sufficiently refers to the report in its Complaint, and the County relies on the contents of the report, in support of its claims against Defendants. The existence of the Silent Spring Report can be accurately and readily determined from the County's Complaint and the Silent Spring Institute's website, where the report has been published, and therefore it is not subject to reasonable dispute. *See, e.g.*, *Rodi v. S. New Eng. Sch. of Law*, 389 F.3d 5, 12 (1st Cir. 2004) ("We also may consider SNESL's 1997-1998 catalogue, alleged by the plaintiff to comprise a part of the contract between the parties, as a document fairly incorporated into the complaint."); *Branch v. FDIC*, 825 F. Supp. 384, 398 n.8 (D. Mass. 1993) ("Although the FED and OCC Orders and Agreements . . . are incorporated in Branch's Complaints only by reference, their authenticity is not disputed and it is well established that a district court may take judicial notice of public records or indisputably authentic documents on a 12(b) motion without converting even a 12(b)(6) motion into one for summary judgment.").

## **CONCLUSION**

For the foregoing reasons, UTC requests that the Court take judicial notice of the documents attached as Exhibits 1 through 5 in connection with UTC's Motion to Dismiss.

                                      Respectfully submitted,

                                      UNITED TECHNOLOGIES
                                      CORPORATION,

                                      By its attorneys,

                                      /s/ Jonathan I. Handler
                                      Jonathan I. Handler (BBO #561475)
                                      jihandler@daypitney.com
                                      Kennell M. Sambour (BBO #687765)
                                      ksambour@daypitney.com
                                      DAY PITNEY LLP
                                      One International Place
                                      Boston, MA 02110
                                      T:  (617) 345-4600

Dated:  March 20, 2017

## CERTIFICATE OF SERVICE

    I, Jonathan I. Handler, hereby certify that on this 20th day of March 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of the filing to all counsel of record.

                                      /s/ Jonathan I. Handler
                                      Jonathan I. Handler